# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **CURTIS L. BRADSHAW**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF THOMASVILLE, GEORGIA, et al.**, <br><br> Defendants. | Civil Action No. 7:18-CV-79 (HL) |

## ORDER

Plaintiff Curtis L. Bradshaw filed his pro se civil rights complaint on May 25, 2018, alleging that his former employer, Defendant City of Thomasville, Georgia, along with Defendants Christopher K. Bowman, Craig Dukes, and Kha McDonald, discriminated against him on the basis of his race by subjecting him to different terms and conditions of employment and by retaliating against him and terminating his employment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") as well as 42 U.S.C. §§ 1981 and 1983. Along with his lawsuit, Plaintiff filed a motion for leave to proceed without prepayment of the court's required filing fee. (Doc. 2). However, after being directed by the Court to amend his pauper's affidavit (Doc. 4), Plaintiff paid the full filing fee on June 11, 2018. The Court issued service directions to Plaintiff that same day. Plaintiff did not request that Summons issue until September 5, 2018. (Docs. 6-9). Plaintiff served Defendants Dukes and Bowman on

September 6, 2018. (Docs. 10, 12). Plaintiff served Defendants McDonald and the City of Thomasville, Georgia on September 10, 2018. (Docs. 11, 13-16).

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to serve Defendants timely under Federal Rule of Civil Procedure 4(m). (Doc. 19). Alternatively, Defendants move to dismiss Plaintiff's claims raised under 42 U.S.C. §§ 1981 and 1983 because Plaintiff did not file his complaint within the applicable statute of limitations. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

A plaintiff is responsible for serving a defendant with both a summons and a complaint within the timeframe set forth in Rule 4(m). Fed.R.Civ.P. 4(c)(1). Rule 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed." Fed.R.Civ.P. 4(m). If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. A litigant's pro se status does not excuse him of the obligation to comply with the rules of the court. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Nevertheless, the time period imposed by Rule 4(m) is not meant to be enforced harshly or inflexibly. See Floyd v. United States, 900 F.3d 1045, 1049 (7th Cir. 1990); Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D.Fla. 1993).

2

Good cause exists, "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). Absent a showing of good cause, the district court may in its discretion extend the time for service. See Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). In making this decision, the district court shall "consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey, 476 F.3d at 1282. Relevant factors include whether the plaintiff's claims would be barred by the statute of limitations if the action is dismissed. See Horenkamp, 402 F.3d at 1131, 1133. However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). Id.; see also In re Trasylol Products Liability Litigation, 503 F. App'x 850, 857 (citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run.")).

Here, Plaintiff filed his Complaint on May 25, 2018. Under Rule 4(m), Plaintiff had 90 days, or until August 23, 2018, by which to perfect service on

Defendants. However, Plaintiff did not serve Defendants Dukes and Bowman until September 6, 2018, 104 days after filing his Complaint, and did not serve Defendants McDonald and the City of Thomasville until September 10, 2018, 108 days after filing his Complaint. Plaintiff does not dispute this timeline. In responding to Defendants' Motion to Dismiss, Plaintiff explains that he was proceeding under the mistaken belief that he had 120 days rather than 90 days in which to serve Defendants.[1] In light of his reliance on faulty advice, Plaintiff asks the Court to find good cause and to extend the deadline for service.

It is not clear from Plaintiff's response on whose advice he relied or whether such reliance may be construed as good cause. Regardless, the Court finds that the circumstances of this case warrant the Court exercising its discretion to extend the time for service as permitted by Rule 4(m). This case involves purported employment discrimination, which Plaintiff grieved before the Equal Employment Opportunity Commission ("EEOC") prior to the filing of his lawsuit. Plaintiff received his Notice of Right to Sue letter from the EEOC on May 23, 2018. Under the statutory construction for filing a lawsuit pursuant to Title VII, Plaintiff had 90 days in which to file his Complaint, which he did. See 42 U.S.C. § 2000e-5(f)(1). Dismissing his case at this point effectively would bar Plaintiff from pursuing his claims against Defendants. Further, the Court notes that despite

---

[1] Rule 4(m) was amended in 2015 to change the time for service from 120 to 90 days.

4

Plaintiff's error in perfecting service, Plaintiff has otherwise been diligent in responding to the Court and in prosecuting his case. Taking these factors into consideration, the Court, therefore, extends the time for service and **DENIES** Defendants' motion to dismiss for untimely service.

Defendants next move the Court to dismiss Plaintiff's claims asserted under § 1981 and § 1983 because Plaintiff did not file his Complaint within the applicable statute of limitations. Section 1983 does not contain an express statute of limitations. See 42 U.S.C. § 1983. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985). Under Georgia law, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33; Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014).

The purported discriminatory acts described in Plaintiff's Complaint all occurred either in 2014 or 2015. Plaintiff did not file his Complaint until 2018, well outside the two-year statute of limitations for asserting claims under § 1983. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims arising under § 1983.

Generally, "Section 1981 does not provide a cause of action against state actors; instead, claims against state actors or allegations of § 1981 violations must be brought pursuant to § 1983." Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008) (citing Butts v. County of Volusia, 222 F.3d 891, 892-94 (11th Cir. 2000). At first blush, it would seem then that Plaintiff's § 1981 claims are likewise subject to dismissal since they fall outside of the two-year statute of limitations. However, the Eleventh Circuit, following the Supreme Court's precedent in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004), has explained that because certain discrimination claims raised under § 1981 were made possible by a post-1990 enactment, a four-year rather than a two-year statute of limitations applies. Id. at 1338; 28 U.S.C. § 1658(a) (a four-year statute of limitations applies to "civil action[s] arising under an Act of Congress enacted after" December 1, 1990).

Here, Plaintiff's § 1981 claims appear to arise, at least in part, under the premise that Defendants discriminated against him in the terms and conditions of his employment. As a part of the Civil Rights Act of 1991, Congress amended § 1981 to include a cause of action for discrimination in the terms and conditions of employment as well as discrimination in the making and enforcement of contracts. See 42 U.S.C. § 1981. Thus, since Plaintiff's § 1981 claims were made possible by a post-1990 amendment, Plaintiff's claims are governed by a four-year statute of limitations and are, therefore, timely on the face of the Complaint.

Defendants' motion to dismiss Plaintiff's § 1981 claims as time barred is therefore **DENIED**.

**SO ORDERED** this 26th day of November, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks